LEHIGH STOVE MANUFACTURING COMPANY, A CORPO-
RATION, PLAINTIFF-RESPONDENT, v. BERNARD KESS-
LER, TRADING, ETC., DEFENDANT-APPELLANT.

Submitted May 15, 1926—Decided December 15, 1926.

Sale of Goods—Defendant-Appellant Alleges Special Contract,
and That the Action was Actually Brought on Book Ac-
count—Held, That Where the Real Question in Controversy
Has Been Fully and Fairly Tried, Though Perhaps Not Pre-
cisely Pleaded, and the Complaining Party Has Not Been
Surprised or Injured, the Reviewing Court Will Amend the
Pleadings to Support the Judgment—Held, Further, That Evi-
dence Tended to Show That There Had Been Actual Ac-
ceptance of Goods and That the Case is Not Within the
$500 Limitation Contained in Sale of Goods Act Relating to
Sales Not in Writing.

On appeal from the Passaic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD
and MINTURN.

For the appellant, *Ward & McGinnis* (*Peter J. McGinnis,*
of counsel).

For the respondent, *Freeman & Freeman* (*Forster W. Free-
man,* of counsel).

PER CURIAM.

This suit is brought to recover the price of certain stoves
sold by the plaintiff (a manufacturer) to the defendant (a
retail dealer). The stoves were of two kinds, and all told were
of a value of $976.68. The jury rendered a verdict in favor
of the plaintiff for the amount of its claim, with interest,
and the defendant took this appeal.

The first ground for reversal is that a nonsuit should have
been ordered, for the reason that the action was founded on a
book account, while the proof showed a special contract. Our

examination of the record discloses that the motion to nonsuit was not based on that ground. But even if it had been, where, as here, the real question in controversy has been fully and fairly tried, though perhaps not precisely pleaded, and the complaining party has not been surprised or injured, the reviewing court will amend the pleadings in order to support the judgment, in the interest of justice.

The next point is that the trial court should have nonsuited on the ground that the alleged contract sued upon was not enforceable in view of section 4, part 1 of the Sale of Goods act (*Comp. Stat., p.* 4648), providing that a contract (not in writing) to sell goods of the value of $500 or upwards is not enforceable unless the buyer accepted and actually receive part of the goods or give something in earnest to bind the bargain.

We think the trial judge properly refused to nonsuit because we believe the evidence tended to show acceptance and actual receipt of the stoves by the buyer.

The last contention is that the judgment should be reversed because of the refusal of the judge to direct a verdict in favor of the plaintiff for $42 only on the ground that the defendant had refused to accept the stoves, although they were shipped to him, with the exception of one, which was of the value specified. What we have already said with relation to the proofs relating to acceptance is the answer to this point.

The judgment will be affirmed, with costs.