JOSEPH F. EDER, PROSECUTOR, v. THE HUDSON COUNTY CIRCUIT COURT, HENRY E. ACKERSON, Jr., JUDGE OF SAID CIRCUIT COURT; DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE COUNTY OF HUDSON, LEO S. CARNEY, JUDGE OF THE SAID DISTRICT COURT, DEFENDANTS.

Submitted May 13, 1927—Decided March 6, 1928.

Before Justices TRENCHARD, KATZENBACH and KALISCH.

For the prosecutor, *Green & Green* (*Harry Green,* of counsel).

For the defendants, *Francis A. Castellano, Jr.,* (*Alfonso Bivona,* of counsel).

The opinion of the court was delivered by

KALISCH, J. The legal questions presented for solution arise out of an order made by the judge of the Second Judicial District Court of Hudson county, transferring an action, founded in tort, to the Hudson County Circuit Court, and an order made by the latter tribunal certifying to the judicial propriety of said removal, and refusing, on motion of counsel of prosecutor, to remand the cause to the court from which it was removed.

This is a convenient place to make the observation that the method, adopted by counsel of prosecutor, to bring the judicial acts complained of, for review here, finds no legal sanction in the decisions of the courts of this state. It is firmly settled that a writ of *certiorari* does not lie to a Circuit Court in the exercise of its judicial functions in the course of the common law. And this is even so though the court acts without jurisdictional authority. The remedy is

by appeal after judgment. The constitution declares that only final judgments may be brought by a writ of error into the Supreme Court or Court of Errors and Appeals. That a writ of *certiorari* will properly go to a Supreme or a Circuit Court judge, where he is invested with a statutory power, the exercise of which is summary, or, otherwise, not according to the course of the common law, cannot be successfully gainsaid.

The mere enlargement or extension of the judicial powers of the court does not make the exercise of such powers subject to review, by *certiorari*. Thus, it is seen that it becomes quite important in order to determine whether the writ properly brings before us the controverted questions, to consider the legislation which conferred on the judge of the District Court the power to transfer an action brought in said court to the Circuit Court. The District Court being purely of statutory origin, the legislature had full power to prescribe the scope of its jurisdiction and authority and how these shall be exercised, of course, keeping in view not to disturb the prerogatives of those courts functioning before and after the adoption of our constitution.

Why the writ of *certiorari* was directed to the District Court which concededly had sent the record to the Circuit Court which record was, at the time of the application for the writ, in the custody of the clerk of the Hudson County Circuit Court, is without any explanation. For, after all, the only vital question remaining after stripping the case of inconsequential matters, concerns the jurisdiction of the Circuit Court to hold the case for trial. This must be answered and determined by the judicial action of the Circuit Court on the record before it.

The record discloses that on November 20th, 1926, a collision took place between an automobile of one Angelo Lampagliona, operated by his servant, Matteo Vangi, and an automobile propelled by the prosecutor, Eder. An infant son, who was riding with his father, Matteo, was injured in the collision, the injury being a skull fracture. On November 24th, 1926, actions were instituted in the Supreme Court, Hudson County Circuit, by the owner of the automobile, propelled by Matteo, against Eder, for damages done to the

automobile, and by Matteo's son, by next friend, and by Matteo, individually, to recover compensation for damages sustained by them. The plaintiffs were residents of Hudson county, and venue in the actions was laid there. Eder resided in Essex county, and it appears that he was served in the actions on December 1st, 1926. On December 4th, 1926, Eder brought an action in the Second Judicial District Court of Hudson county to recover damages from the owner of the automobile and Matteo, his driver, for injury done to his, Eder's, automobile, in the same accident. Matteo filed a counter-claim in the District Court action, setting forth the personal injuries sustained by him in the accident and also for loss of service, both present and future, of his infant son, as a result of the injuries sustained by the latter, and laid his damages at $4,500.

The counter-claim was verified by Matteo in accordance with the requirement of "An act to amend an act entitled 'A supplement to an act entitled "An act concerning District Courts [Revision of 1898], approved March eleventh, one thousand nine hundred and twenty-two." ' " *Pamph. L.* 1925, *pp.* 341, 343. Section 1 provides for the filing by a defendant in any action brought against him or her in any District Court a set-off, counter-claim, discount or recoupment wherein it shall be made to appear that the amount claimed in such set-off, counter-claim, &c., exceeds "the sum or value limited for the jurisdiction of said court, accompanied by an affidavit of the defendant or his or her duly authorized agent" to the tenor "that he or she verily believe that the amount of such claim, when established by proof, will be greater than the sum or value limited for the jurisdiction of said court, and that said set-off, counter-claim * * * is filed in good faith and not for the purpose of delay, upon order of the court" the action shall be "transferred with the record thereof, and all papers filed in the cause, for hearing and determination to the Circuit Court" * * * "the record shall, when necessary, include a transcript of all entries and proceedings; providing same shall not be transferred unless the judge of the Circuit Court to which it is intended to transfer said cause shall upon proof

make an order that he finds that there is reasonable cause to believe that the set-off, counter-claim or other defensive action is founded on fact and that there is reasonable chance for success upon trial of same by the party who filed said set-off, counter-claim or other defensive action."

It is therefore clear from a plain reading of the statute that it was the legislative intent that when a situation arose where a defendant had a counter-claim or defensive action against a plaintiff, in which the former claimed recovery for a sum beyond $500, that upon this fact being made to appear by affidavit of the defendant or his or her duly authorized agent, upon his or her behalf, and further, that the counter-claim is filed in good faith and not for the purpose of delay, the District Court shall transfer the cause to the Circuit Court for trial, subject, however, that the transfer shall be approved by the Circuit Court judge, who, if he has reasonable cause to believe, on the due proof made, that the counter-claim or other defensive action is founded on fact, and that there is a reasonable chance of success upon the trial of the cause by the party who filed the counter-claim, &c., is then authorized to make the order of transfer.

The two grounds upon which the validity of the orders made are assailed and argued in brief of counsel of prosecutor are stated, as follows: (1) "Circuit Court judge did not acquire jurisdiction to make order as there was no due proof before him; (2) Circuit Court judge and District Court judge had no jurisdiction to entertain counter-claim because it was for unliquidated damages."

As to the first ground: We think there was due proof that defendant's counter-claim was founded on fact and that it was filed in good faith in the District Court and not for the purpose of delay. The affidavits presented to the judge of the Circuit Court make it clear that the injuries the defendant and his infant son sustained arose out of the same accident for which they brought their actions against Eder, as previously stated. It is also clear, if the injuries are of the character as stated in Matteo's affidavit, the damages to which he would be reasonably entitled to recover would likely exceed the limit of the jurisdiction of the District Court.

The term "due proof" in the statute relates to proof of the existence of such facts and circumstances from which the judge can determine whether or not there is reasonable cause to believe that the counter-claim is founded on fact. It cannot be reasonably maintained that it was the legislative design in employing the term "due proof" to require a defendant, who sets up a counter-claim, in an action brought against him, to state anything more than the facts upon which he or she relies for a recovery. In this respect, the affidavits in the present case manifestly comply with the statute.

It is gleaned from the record that the claims of Eder and the defendant Matteo arose out of a collision upon a public highway between their automobiles. That each charges the other with the commission of a negligent act as being the sole productive cause of the collision. Eder's claim for damages relates solely to injury to his property. Matteo's claim for damages consists of personal injuries and those of his infant son, and for loss of the latter's services, both present and future, and for expenses incurred for medical attention for himself and his son.

These facts appearing of record in the District Court, in conjunction with the affidavits of Matteo and of his counsel, there was the requisite proof before the Circuit Court judge, as required by statute, for the issuance of the order of transfer.

Moreover, it is a matter of record that there was an action pending in this court by Matteo against the plaintiff at the time the plaintiff brought his action in the District Court, of which fact the Circuit Court judge was warranted to take judicial notice, and in doing so he would be apprised of the fact that the actions of both plaintiff and defendant arose out of the same accident, and involved the same legal and factual questions as to who was responsible for the collision.

The second ground relied on by counsel of prosecutor, for setting aside the order of the Circuit Court judge, that he and the District Court judge had no jurisdiction to entertain the counter-claim because it was for unliquidated damages, is wholly without merit.

The cases referred to in the prosecutor's brief as sustaining his contention are not applicable. The statute of 1925,

*supra,* expressly enumerates set-off, counter-claim, discount and recoupment as defensive actions which the defendant may avail himself of in addition to his answer to plaintiff's action. In *Parker* v. *Hart,* 32 *N. J. Eq.* 225, Vice-Chancellor Van Fleet (at *p.* 230), says: "There is undoubtedly a technical distinction between set-off and recoupment. Judge Bronson, in *Batterman* v. *Pierce,* 3 *Hill* 174, thus distinguished them: 'When the demands of both parties spring out of the same contract or transaction, the defendant may recoup, although the damages on both sides are unliquidated, but he can only off-set where the demands of both parties are liquidated or are capable of being ascertained by calculation.' ".

Furthermore, the statute of 1925 expressly authorizes a defendant in any action brought in the District Court to counter-claim, which term in legal sense, we think, is broad enough, at least, to permit a defendant to counter-claim damages though unliquidated, arising out of the same accident for which damages are being sought against him by the plaintiff.

If there could be any doubt regarding this, it is clearly set at rest by section 68 of the District Court act, which provides that "the practice of the Circuit Courts, in so far as applicable, shall apply to District Courts, excepting, however, in cases where there may be some express provision of law providing otherwise." 2 *Comp. Stat., p.* 1977.

Referring to the Circuit Court practice, under the statute of 1912 (*Pamph. L.* 1912, *p.* 379), we find section 12, *inter alia,* provides: "Subject to rules, the defendant may counter-claim or set-off any cause of action."

Section 47 provides that "a counter-claim is deemed to be a cross action" and section 48 provides: "If the amount found due on the counter-claim to the defendant exceeds the amount found due to the plaintiff, the defendant shall have judgment for the excess."

As this rule could not be applied to a counter-claim filed in the District Court where the amount claimed was likely to exceed the limit of the jurisdiction of the District Court if the defendant succeeded on his counter-claim, the situation, manifestly, led the legislature to enact the statute of 1925,

*supra,* so that the cause could be removed to the Circuit Court, and thus circuity of actions avoided.

It cannot escape observation, that the issue between the contesting litigants, in both actions, as to law and fact, are the same, and if the cause were to remain in the District Court and to be tried there, and a jury found for either litigant, the District Court being a court of record, it may be contended by the successful party that the judgment rendered therein was *res adjudicata* on the issues tried between them.

Whether or not the judgment could be successfully pleaded in bar to the action, by the defendant Matteo against the prosecutor, pending in the Supreme Court, we need express no opinion. The contemplation of such a situation, as suggested, arising, might very reasonably have been an inducing factor to the enactment of the statute of 1925.

We have considered the merits of the case because the questions involved relate to legal procedure and were questions that should be settled so as to bring about uniformity and stability in our civil procedure, and place our Practice act upon a workable and efficient basis. But, the course we have adopted is in no wise to be considered as sanctioning the bringing up for review, by writ of *certiorari* before this court, the judicial action of a Circuit Court judge in granting such an order.

The Circuit Court, being a constitutional court, clothed with general jurisdiction of all civil actions, had jurisdiction of the subject-matter in controversy between the parties. Eder, the plaintiff, could lawfully have brought his action in the Supreme or Circuit Court. Under the statute, concerning District Courts, he was lawfully entitled to bring his action there also, since his claim did not exceed the sum of $500. It is also clear that a defendant could not counterclaim for a greater sum than $500.

The statute of 1925, therefore, in prescribing the procedure for the removal of a cause, presenting the features outlined by that act, from the District Court to the Circuit Court, and requiring an order to be made by the Circuit Court judge transferring the cause, merely enlarged the scope

of our Practice act. This did not operate to constitute the act of the Circuit Court judge the act of a special tribunal whose acts are reviewable by writ of *certiorari*. Therefore, if the court erred in making the order, he committed judicial error, which can only be properly reviewed after final judgment, on appeal, by the Supreme Court or Court of Errors and Appeals.

For the reasons stated, the writ of *certiorari* is dismissed, with costs.