SOL SCHNOLL AND JOSEPH TRENK, PARTNERS TRADING AS INTERSTATE LIVE POULTRY CO., AND SAMUEL SALETAN AND REBECCA KAPLOWITZ, TRADING AS BARKER LIVE POULTRY CO., PLAINTIFFS-APPELLEES, v. PAUL E. DUTT AND FRANK A. WAGNER, TRADING AS DUTT & WAGNER, DEFENDANTS-APPELLANTS.

Submitted May 5, 1942—Decided June 30, 1942.

Before Justices Bodine, Heher and Perskie.

For the appellants, *Fast & Fast* (*Herman L. Fast*, of counsel).

For the appellees, *Zucker & Goldberg* (*Maurice J. Zucker*, of counsel).

The opinion of the court was delivered by

Perskie, J. This is a contract case. Plaintiffs have a judgment in the amount of $353.73 arising out of a suit for breach of contract tried in the Second District Court of the City of Newark, without a jury. Defendants have appealed from that judgment upon the grounds that the contract upon which the action was predicated was illegal, illusory, and indefinite, and upon the further ground that there was a variance between the cause of action pleaded and proved.

The state of demand alleged that defendants sold to plaintiffs two loads of colored fowl of approximately 10,000 pounds a lot at 15 cents a pound, one load to be delivered on June 24th, 1940, and the other to be delivered on June 27th, 1940, payment to be made on delivery. It was further alleged that the first load was delivered but that the second load was not delivered. At the time the second load was to have been delivered the price of the fowl had advanced four cents a pound, and it was asserted plaintiffs were damaged in the amount they were obliged to pay for the fowl in excess of the contract price.

The state of the case was settled by the trial court. This, of course, constitutes the only record properly before us. We

are limited to the facts therein contained and cannot, as defendants would have us, consider the bill of particulars which was not offered in evidence. *Hanley* v. *P. Ballantine & Sons*, 121 *N. J. L.* 620: 3 *Atl. Rep.* (*2d*) 582.

From the state of case as submitted, it appears that plaintiffs and defendants met with other poultry dealers whose employees were on strike, and plaintiffs and defendants entered into their oral agreement at this meeting. There was evidence to support the court's finding that the actual agreement between the parties carried the reservation that there might be deducted, so long as the strike lasted, from each load of 10,000 pounds of fowl to be delivered to the plaintiffs, such number of pounds as defendants might need for their own trade in the City of Newark. The strike mentioned was settled the day before the second load was to be delivered. Notwithstanding that fact, however, defendants refused delivery.

We think the judgment should be affirmed. Inasmuch as the plaintiffs accepted and paid for the first load of fowl, the oral contract does not violate the Statute of Frauds. *N. J. S. A.* 46:30-10. And in view of the fact that the reservation in the contract expired by its terms on the day previous to the scheduled delivery, the contract is not illusory. Nor can defendants be heard to complain on the ground of variance since there does not appear to have been any objection offered to the proofs submitted. Finally, there is evidence in the state of case as settled by the trial court in support of its finding of a definite and binding contract. Under such circumstances we cannot reverse. *Terminal Cab Co.* v. *Mikolasy*, 128 *N. J. L.* 275; 25 *Atl. Rep.* (*2d*) 253; *Greenberg* v. *Feather*, 124 *N. J. L.* 469; 12 *Atl. Rep.* (*2d*) 241; *Lewis* v. *V. LaRosa & Sons, Inc.*, 128 *N. J. L.* 474, this day decided.

The judgment is affirmed, with costs.