PARK & TILFORD IMPORT CORPORATION, A NEW YORK CORPORATION, APPELLANT, v. VAUX HALL LIQUORS, LTD., RESPONDENT.

Argued May 16, 1944—Decided October 6, 1944.

For the appellant, *Simon M. Seley.*

For the respondent, *Herbert Klosk* and *Thomas F. Meehan.*

The opinion of the court was delivered by

BODINE, J.    Park & Tilford Import Corporation sold to the defendant, a limited partnership, merchandise of the value of $676.68.    $305 was paid on account.

To a complaint charging the defendant with liability upon contract there was a voluntary nonsuit in the District Court. The action was taken because of the provision of *R. S.* 42 :3–5. A new complaint was then filed charging the partnership with liability because of the receipt and use of the merchandise which was paid for in part only.    The District Court gave judgment which, on appeal, was reversed by the Supreme Court on the theory that the statute was an absolute bar since there was no writing to evidence the sale signed by two managers.    This ruling was erroneous.

When a corporation receives a benefit it cannot plead *ultra vires.    Camden and Atlantic Railroad Co.* v. *Mays Landing, &c., Railroad Co.,* 48 *N. J. L.* 530; *Breslin* v. *Fries-Breslin Co.,* 70 *Id.* 274; *Perkins* v. *Trinity Realty Co.,* 69 *N. J. Eq.* 731.

One who has received the benefit from an act of an agent may not repudiate it and defeat recovery. *Williston on Contracts,* §§ 1787 to 1891; also § 271.

Section 146, 40 *Am. Jur.* 234, is as follows: "The principle of agency that one who accepts or retains the benefits or proceeds of the unauthorized acts of his agent, with knowledge of material facts surrounding the transaction, is deemed to have ratified those acts is equally applicable to the question of the ratification of unauthorized acts of a partner. If the acceptance by a co-partner or a firm of the benefits of an unauthorized act of a partner done in behalf of his other partners of the firm is given with knowledge of the facts, this is usually sufficient to indicate a ratification of unauthorized acts of other partners, or at least to indicate an intention on the part of the co-partners or the partnership to be bound by such transaction. Thus, where a partner acts beyond his authority in purchasing property on the firm credit, his co-partner may ratify his act by obtaining possession and selling it as firm property * * *."

Our own statute and the Uniform Sale of Goods Act void a sale of goods of the value of $500 when not in writing, except when the buyer accepts part of the goods, embodies the principle of justice which should prevail in this case.

Obviously, the partners if they did not accept and use the goods would not be liable; but if they accepted and used the goods, as in this case, there must be a recovery. Otherwise, the partnership is unjustly enriched.

The judgment of the Supreme Court is reversed, and the case remanded to the Supreme Court with a direction that the case be remanded to the District Court, to the end that a judgment may be entered not inconsistent with this opinion.

*For affirmance*—THE CHANCELLOR, PARKER, WELLS, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, BODINE, HEHER, PERSKIE, COLIE, DEAR, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 10.