Defendant, Trenton Beverage Company, appeals from a judgment of the Superior Court, Law Division, in favor of the plaintiff, Abraham Duff, in an action for the alleged breach of contract to sell to the plaintiff 150 cases of rum.
At the trial, plaintiff testified that in response to solicitations of defendant's salesman, he and the president of defendant corporation entered into an oral agreement for the sale to the plaintiff of 150 cases of rum at $22.50 per case, the same to consist of 32 cases of Siboney rum and 118 cases of Ron Rico rum; that the defendant agreed to secure from the Alcoholic Beverage Commission necessary permit to sell the rum at the stated price. Approximately two weeks thereafter, having received authorization of the Alcoholic Beverage Commission to sell Siboney rum at the specified price, the defendant delivered 32 cases of Siboney rum to the plaintiff and received payment for the same; that, notwithstanding plaintiff's repeated inquiries regarding the delivery of the balance of the rum, plaintiff was informed by the defendant that he had not received the requisite authorization from the Alcoholic Beverage Commission; that, on May 17, 1948, defendant refused to deliver the remaining 118 cases of rum upon the plaintiff's request to do so. Defendant's evidence was a denial of any such agreement for 150 cases of rum: that it only *Page 285 
agreed to sell the 32 cases it delivered and that no application was ever made by defendant to the Alcoholic Beverage Control Commissioner for the necessary authorization to sell the additional 118 cases of rum to plaintiff.
Defendant alleges that the trial court erred in denying its motion for dismissal on the grounds (1) that the contract of sale was unenforceable under the Statute of Frauds (R.S. 46:30-10); (2) that there was error in denying its motion for dismissal on the ground that the agreement of sale was illegal under Regulation 34 of the Alcoholic Beverage Control Act and (3) that the verdict was contrary to the weight of the evidence.
As to the first ground of appeal, there was conflicting evidence as to whether the contract was made at one and the same time or whether it consisted of two separate independent agreements. The court, therefore, properly submitted the question to the jury for its determination, with appropriate instructions. The jury evidently believed plaintiff's evidence respecting the negotiations and subsequent agreement between the parties. Mr. Justice Perskie, speaking for the Supreme Court in Schnoll v.Dutt, 128 N.J.L. 475 (1942), affirming an award of damages based on a breach of an oral contract said: "Inasmuch as the plaintiffs accepted and paid for the first load of fowl, the oral contract does not violate the Statute of Frauds. N.J.S.A.46:30-10." Similarly, in Park Tilford, etc., Corp. v. VauxHall Liquors. Ltd., 132 N.J.L. 178 (E. A. 1944), at p.
179, it was said: "Our own statute and the Uniform Sale of Goods Act void a sale of goods of the value of $500 when not in writing, except when the buyer accepts part of the goods, embodies the principle of justice which should prevail in this case." Lehigh Stove Mfg. Co. v. Kessler, 5 N.J. Misc. 8
(Sup. Ct. 1926); William H. Barkhorn Co. v. Zinno,3 N.J. Misc. 1145 (Sup. Ct. 1925).
As to the second ground of appeal, appellant argues that the alleged contract for the sale of the additional 118 cases of rum at the specified price was illegal and, therefore, void in that Regulation 34 of the Alcoholic Beverage Control Act prohibits a sale at lower than the price theretofore listed and *Page 286 
approved by that authority without the written consent of the Alcoholic Beverage Control Commissioner.
The contract does not appear to be an agreement for an illegal purpose. It is an agreement of sale of rum at less than the Fair Trade list price, which is permissible under certain circumstances set forth in Regulation 34 issued by the Alcoholic Beverage Control Commissioner. The contract was not one impossible of performance and though restricted by the aforementioned regulation it is legally permissible and enforceable. (See Phillips v. Kline, 5 N.J. Super. 176, App.Div., decided October 10, 1949, and the case cited therein.)
The provisions of Regulation 34 were familiar to the contracting parties. There is evidence that would justify the jury in finding, as it evidently did, that at the time the contract was made the defendant agreed to obtain the consent of the Alcoholic Beverage Control department. Departmental approval was requested and obtained as to the 32 cases of Siboney rum, but appellant admitted that approval as to the remaining 118 cases of rum was never sought. The issuance of necessary permit to defendant was not an impossibility, as is evidenced by the authorization of the sale of the 32 cases of Siboney rum. The defense of legal impossibility is not available to the appellant to excuse its non-performance as long as it was within the appellant's power to remove that obstacle to performance, in the absence of a showing of a bona fide attempt or effort to perform. Black on Rescission and Cancellation of Contracts,Volume 1, § 208, p. 586. Restatement of the Law ofContracts, § 454, pp. 843, 844 and § 467, p. 882, discussing the question of defense of legal impossibility for non-performance of contract, cites as the leading case in New Jersey on that subject, School Trustees of Trenton v. Bennett,27 N.J.L. 513 (1859), wherein the Supreme Court held:
"* * * He that agrees to do an act should do it, unless absolutely impossible. He should provide against contingencies in his contract. * * *"
The judgment of the Superior Court is affirmed. *Page 287