6 N.J. Super. 219 (1950)
70 A.2d 886
RITEPOINT COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT,
v.
GEORGE G. FELT AND MAXWELL J. PROUJANSKY, ETC., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1950.
Decided January 26, 1950.
*220 Before Judges JACOBS, DONGES and BIGELOW.
*221 Mr. Raymond F. Brady argued the cause for the appellants (Mr. Lester E. Mahr, attorney).
Mr. Abram S. Block argued the cause for the respondent.
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from an order entered in the Law Division denying the application of the defendants to transfer the above entitled cause from the Essex County District Court to the Superior Court.
The plaintiff, a foreign corporation not authorized to do business in this State, filed its complaint in the Essex County District Court against the defendants, trading as partners, alleging, in effect, that it had sold and delivered five hundred lighters to the defendants for the purchase price of $937.50 of which $600 was paid, leaving a balance in the sum of $337.50 which it claimed. The defendants filed their specification of defenses and verified counterclaim denying liability and alleging, in effect, that plaintiff had breached the contract between them and claiming damages in the sum of $15,000. Thereafter the defendants applied to the Law Division for an order removing the cause to the Superior Court on the ground that the amount sought to be recovered by the counterclaim was in excess of the jurisdiction of the District Court. In support of their motion the defendants submitted affidavits describing the transaction between the parties. We gather therefrom that plaintiff is engaged in manufacturing lighters known as "Ritepoint Liters" and that the defendants are engaged in the mail order distributing business; that plaintiff and defendants allegedly entered into an oral agreement whereby the defendants, acting as a distributor for Ritepoint Liters, would conduct a television advertising campaign; and that, for a period of six months, the plaintiff would furnish and the defendants would accept such lighters as were necessary to fill orders received by the defendants. The defendants assert that, pursuant to their contract with plaintiff, they incurred obligations aggregating over $6,000 to the American Television Productions, Inc., for films to be used on television *222 and to Station WATV for broadcasting time and began broadcasting and receiving orders. They further assert that they ordered five hundred lighters which were promptly furnished by plaintiff but that it has declined to furnish additional lighters to fill orders which they have received and has advised, by letter dated February 3, 1949, that it has become necessary to "discontinue with you the arrangement whereby you are selling Ritepoint Liters by way of television."
The plaintiff submitted no affidavits in opposition to the defendants' motion; apparently it relied upon its contentions that (1) "no competent proof" of the contract alleged by the defendants had been submitted and (2) that the contract was in violation of the Statute of Frauds (R.S. 46:30-10). The lower Court, presumably acting under R.S. 2:8-45, denied the defendants' motion because of "the improbability of success of the counterclaim at the time of trial."
Our new Judicial Article and Court Rules contemplate that adequate means be afforded to enable generally the determination at one time and place of all matters in controversy between the parties. See Article VI, section 3, paragraph 4, Constitution of 1947; Rules 3:13, 3:18, 3:42-1, 1:7-8A, 7:6. Rule 3:42-1 affords wide opportunity for joining causes in different courts; under this Rule a District Court action may be removed and consolidated with a Superior Court action simply upon a showing that they involve a common question of law or fact arising out of the same transaction or series of transactions. Under Rule 1:7-8A where the District Court lacks jurisdiction of an issue in the cause the entire proceeding may be transferred, in furtherance of convenience or to avoid prejudice, to the appropriate Court. Under Rule 7:6-1(b) where a counterclaim in excess of the District Court's jurisdiction is filed, application may be made for transfer of the entire proceeding to the Superior Court; it seems to us that, in the absence of evidence indicating that the counterclaim has been interposed for the purpose of thwarting a just and expeditious disposition of the plaintiff's claim, such application tending to avoid piecemeal adjudication should be liberally entertained by the Superior Court.
*223 Despite the foregoing we shall accept, for present purposes, the lower Court's view that Rule 7:6-1(b) contemplated the continuance of the power embodied in R.S. 2:8-45 to deny the transfer upon a finding of the absence of "reasonable chance for success upon the trial" of the counterclaim. Nevertheless, we are of the opinion that, in the instant matter, the transfer should have been allowed. For purposes of the motion the proof of the alleged oral contract was sufficient. Eder v. Hudson County Circuit Court, 104 N.J.L. 260, 265 (Sup. Ct. 1928). Without implying any determination, the defendants may prevail upon their contention that the Statute of Frauds (R.S. 46:30-10) is not applicable because of acceptance of part of the goods, or part payment, or otherwise. Cf. Schnoll v. Dutt, 128 N.J.L. 475 (Sup. Ct. 1942); Park & Tilford, etc., Corp. v. Vaux Hall Liquors, 132 N.J.L. 178, 179 (E. & A. 1944); 1 Williston, Sales (Rev. Ed. 1948), §§ 94, 98. We have not considered whether the alleged oral contract, as it develops at trial, may be subject to other infirmities not suggested by the parties either here or in the lower court. Cf. G. Loewus & Co., Inc., v. Vischia, 2 N.J. 54 (Sup. Ct. 1949).
The order is reversed.