RELIABLE CONSTRUCTION COMPANY, Plaintiff,

v.

Defendant.
LIFETIME INDUSTRIES, INC.,
Civ. A. 3359.

United States District Court
S. D. Ohio, W. D.
Oct. 10, 1960.

Harvey A. Immerman, Cincinnati, Ohio, for plaintiff.

Harry Kasfir, Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

This matter having come on for hearing on defendant's motions for a summary judgment with respect to Counts 1, 2, 3 and 4 of the Amended Complaint and it appearing to the court that the issues with respect to said counts can be determined without the necessity of a trial to determine whether the oral orders alleged by the plaintiff to have been given were or were not actually so given and the court, having ruled in favor of the defendant on the motion for sum-

mary judgment, now makes the following findings of fact and conclusions of law.

### Findings of Fact

1. The plaintiff is a corporation organized under the laws of New Jersey. The defendant is a corporation organized under the laws of Ohio. The amount in controversy is in excess of Three Thousand ($3000.00) Dollars exclusive of interest and costs.

2. On January 24, 1950 the parties entered into a contract whereby the defendant designated as "Manufacturer" appointed the plaintiff "Dealer-Distributor" of defendant's products.

3. The defendant's products consisted primarily of aluminum siding. This was sold by the "square" measuring ten (10) by ten (10) feet.

4. The plaintiff was given the exclusive agency in New York and New Jersey.

5. Under the contract of January 24, 1950 the parties did not provide for purchase or sale of any particular quantity of squares. Instead, the contract looked to future orders of material by plaintiff from defendant. The defendant agreed to supply all the siding "which may be ordered by the dealer-distributor (plaintiff)". The plaintiff agreed "to order and take not less than $100,000. of the manufacturer's products each and every year, commencing March 1, 1950".

6. The contract of January 24, 1950 did not describe the quantity of goods which the plaintiff was to order except for the clause that it would order from time to time during the year "not less than $100,000." of goods. This, however, was illusory since the contract provided:

"It is expressly understood and agreed, however, that in the event the Dealer-Distributor fails to order and take the said yearly quota of not less than $100,000. in any one fiscal year the Manufacturer at its option shall have the right to terminate this agreement.

"In the event of termination of this agreement as herein provided by the Manufacturer, the Dealer-Distributor shall suffer no greater penalty than the recission of this agreement, and the Dealer-Distributor's rights thereunder, provided always, anything to the contrary herein notwithstanding, the limit of the Dealer-Distributor's liability hereunder for any violation of this agreement shall be limited to the termination of this agreement and nothing further."

7. After the execution of the contract of January 24, 1950, looking forward to future orders of material by plaintiff from defendant, the plaintiff ordered material from time to time and plaintiff sues for damages for alleged failure to ship pursuant to those orders. Each of the orders were oral. Each was in the amount in excess of Two Thousand Five Hundred ($2500.00) Dollars. Many of the oral orders were in excess of Seven Thousand Five Hundred ($7500.00) Dollars. One of the oral orders was in excess of One Million ($1,000,000.00) Dollars.

8. The law of New Jersey governs. The Statute of Frauds of that State requires that a sale of goods in excess of Five Hundred ($500.00) Dollars must be in writing to be enforceable unless some note or memorandum in writing of the contract of sale be signed by the party to be charged or his agent in that behalf. No note or memorandum in writing of the individual orders was signed by either the plaintiff or defendant except with respect to the acknowledgments hereinafter referred to.

9. When an order was received by the defendant it was immediately written up on a form which said across its face: "Acknowledgment". A copy of the acknowledgment form was sent to the plaintiff. The acknowledgments provide:

"Seller shall not be responsible for any failure or delay in delivery due to *. * *. total or partial failure for any reason of usual sources of supply, limited production, precedence or priorities given at the request or for the benefit of, directly or indirectly, any Government or any subdivision, agency or instrumentality thereof, laws, regulations or restrictions of any Government or any subdivision, agency or instrumentality thereof, or any similar or dissimilar cause beyond seller's control.

\* \* \* \* \* \*

"We acknowledge with thanks receipt of your order and that the above is an exact copy of our entry thereof. If there are any errors or any objections to the same, please notify us At Once. If we do not receive such notice it will be understood that you accept the basis on which we have entered your order and that you agree that this acknowledgment, together with the conditions presented on the reverse side hereof, and the special terms and conditions, if any, shall constitute the entire contract between us with reference to your order. Fulfillment of the order will be taken and delivery will be made under the terms and conditions of the contract evidenced by this acknowledgment."

The acknowledgment further provided:

"1. Contract between buyer and sellers; the terms and conditions herein set forth together with those related to special *quantity*, price \* \* \* shall constitute the entire contract between buyer and seller with respect to the subject-matter hereof and such contract shall not be amended, modified or rescinded except for written agreement signed by an officer or authorized official of each company expressly referring to this contract.

\* \* \* \* \* \*

"Any claim for failure or delay in delivery shall be deemed waived by buyer unless presented *in writing* to seller within 30 days from the

date on which delivery is required hereunder."

10. The plaintiff made no complaint in writing within thirty (30) days from date of delivery. In fact, plaintiff made no written complaint until it filed its suit. This was at the time two to four years after the date of delivery of the goods.

### Conclusions of Law

1. Plaintiff is barred from asserting its claims set out in the 2nd, 3rd, and 4th counts by the applicable New Jersey Statute of Frauds. N.J.S.A. 25:1–1 et seq.

2. The agreement of January 24, 1960 looking as it did to future orders and not complete as to the quantity that would be ordered does not contain all the terms necessary for a complete cause of action without the aid of parol evidence: to-wit, the various oral orders and it cannot therefore serve as a written memorandum to take the contract out of the Statute of Frauds.

3. Since the quantity ordered from time to time is an essential element of proof in this case and since that is omitted from the agreement of January 24, 1950 and since that can only be proved by parol evidence, the agreement of July 24, 1950 is insufficient as a memorandum to take the oral orders out of the Statute of Frauds.

4. The provisions in the acknowledgments requiring notice of claim for alleged shortage is enforceable and since plaintiff made no complaint in writing within thirty (30) days after delivery of the material it is barred from asserting the claims set out in Counts 2, 3, and 4.

5. Plaintiff was not obligated to order any quantity of goods since by the contract the limit of his liability was "termination of this agreement and nothing further". The defendant was obligated to ship material when ordered. The contract of January 24, 1950, was unilateral, lacking in mutuality, and unenforceable. It was wholly optional with plaintiff whether it would perform or not. Plaintiff's promise was illusory and there was no legal enforceable contract. This is so under general law and particularly under New Jersey law as set out in G. Loewus & Co. v. Vischia, 2 N.J. 54, 65 A.2d 604.

6. The motion for summary judgment is granted without the necessity for trial on Counts 1, 2, 3, and 4 of the petition and without the necessity for trial on the question whether the alleged oral orders were actually made or not.