**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2742
_____

MICHELE CARRONE,
Appellant

v.

UNITEDHEALTH GROUP INC; LEE VALENTA; JASON DREFAHL; ABC
CORPORATIONS 1-5, FICTITIOUS NAMES DESCRIBING PRESENTLY
UNIDENTIFIED BUSINESS ENTITIES; JOHN DOES 1-5, FICTITIOUS NAMES
DESCRIBING PRESENTLY UNKNOWN INDIVIDUALS[*]
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 20-cv-05138)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
June 25, 2021

Before: CHAGARES, PORTER, and ROTH,
*Circuit Judges*.

(Filed: August 11, 2021)
_____

OPINION[†]
_____

_____

[*] The Clerk of the Court is directed to amend the official caption to conform to the listing
of parties above.
[†] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

PORTER, *Circuit Judge*.

Michele Carrone sued her coworkers and her employer, UnitedHealth Group, for discrimination. The defendants moved to compel arbitration. The parties' arbitration agreement contains a delegation provision granting broad authority to the arbitrator to rule on threshold questions of the agreement's validity. Carrone had two avenues around the provision and into court: (1) she could have argued that the arbitration agreement lacked mutual assent, or (2) she could have challenged the validity of the delegation provision itself. Carrone argued neither, so she must arbitrate her dispute.

I

The District Court had subject-matter jurisdiction under 28 U.S.C. § 1332(a) and 9 U.S.C. § 4. We have appellate jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3). We review the District Court's order to compel arbitration de novo. *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 219 (3d Cir. 2014). We apply the summary-judgment standard to a motion to compel arbitration. *Id.* That is, we will affirm the District Court if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We write primarily for the parties and assume their familiarity with the record.

II

Under the Federal Arbitration Act ("FAA"), a federal court must compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. "When determining whether an arbitration agreement exists, we 'apply ordinary state-law principles' governing contract

formation." *MZM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 402 (3d Cir. 2020) (quoting *James v. Glob. TelLink Corp*, 852 F.3d 262, 265 (3d Cir. 2017)).

Arbitration agreements typically reside in larger contracts. Because an arbitration clause is severable from the contract that contains it, questions about the validity of the container contract go to arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967). For example, a party claiming that the container contract lacked consideration must first adjudicate that claim in arbitration. *MZM Constr.*, 974 F.3d at 398 n.7. But § 4 of the FAA "'affirmatively requires' a court to decide questions about the formation or existence of an arbitration agreement, namely the element of mutual assent." *Id.* at 397–98 (quoting *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 109 (3d Cir. 2000)). A claim that the container contract lacked mutual assent necessarily puts the existence of the arbitration agreement at issue. *Id.* Such a claim goes straight to court. *Id.*

Alternatively, a party can dispute the existence of an arbitration agreement by arguing that the arbitration clause *itself* is invalid. *Id.* at 397. For example, a party might claim that the arbitration clause lacked consideration. That claim, because it is directed at the arbitration clause itself, also goes straight to court. *Id.* at 398 n.7.

Complicating matters, parties can delegate questions of arbitrability to the arbitrator. *Sandvik*, 220 F.3d at 111–12. That is, "parties may contractually bestow upon arbitrators the power to decide their own jurisdiction." *MZM Constr.*, 974 F.3d at 398. When a provision delegates arbitrability issues to the arbitrator, that provision "is simply

an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010). "Think of a delegation provision as a mini-arbitration agreement within a broader arbitration agreement within a broader contract, 'something akin to Russian nesting dolls.'" *MZM Constr.*, 974 F.3d at 399 (quoting *Rent-A-Center*, 561 U.S. at 85 (Stevens, J., dissenting)). So, "unless the party opposing arbitration challenges 'the delegation provision specifically,' the district court 'must treat it as valid' and 'must enforce it' by sending 'any challenge to the validity' of the underlying *arbitration agreement* to the arbitrator." *Id.* (quoting *Rent-A-Center*, 561 U.S. at 72).

The arbitration agreement between Carrone and UnitedHealth stands alone, not as a part of a larger contract. But it does contain a delegation provision. The agreement expressly incorporates the Employment Dispute Resolution Rules of the American Arbitration Association. Rule 6(a) says that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *See* Am. Arb. Ass'n, *Employment Arbitration Rules and Mediation Procedures* 17 (2016), https://perma.cc/269R-WFSJ. Rule 6(b) further provides that "[t]he arbitrator shall have the power to determine the

4

existence or validity of a contract of which an arbitration clause forms a part." *Id.* The

parties do not dispute that the agreement validly incorporates Rule 6.[1]

Carrone had two avenues around arbitration. She could have claimed that the

arbitration agreement as a whole lacked mutual assent, or she could have directly

challenged the delegation provision's validity. She raised neither argument before the

District Court and has waived the opportunity to assert them on appeal.

III

A

Carrone has waived any argument that the arbitration agreement lacked mutual

assent. To press an issue on appeal, a party must first raise it before the District Court

"with sufficient specificity to allow the court to pass on it." *In re Teleglobe Commc'ns

Corp.*, 493 F.3d 345, 376 (3d Cir. 2007). The only plausible mutual-assent argument was

Carrone's claim that "[t]he policy lacks mutuality." Supp. App. 45. That could mean

either that the policy lacked mutuality of assent or that it lacked mutuality of

consideration. Carrone's arguments indicate she meant the latter. She argued—and

---

[1] The District Court issued its opinion before we had decided *MZM*, but its analysis was prescient. In short, an arbitration agreement can incorporate an unattached and unsigned delegation provision by reference. *MZM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 402–03 (3d Cir. 2020). For the incorporation to be effective under New Jersey law, "the separate document must be described in such terms that its identity may be ascertained beyond doubt and . . . the party to be bound by the terms must have had knowledge of and assented to the incorporated terms." *Id.* at 403 (alteration in original) (internal quotation marks omitted) (quoting *Bacon v. Avis Budget Grp.*, 959 F.3d 590, 600 (3d Cir. 2020)).

continues to argue on appeal—that the agreement lacked mutuality because it was illusory. But whether a contract is illusory is a matter of consideration, not assent.

An illusory contract is "[a]n agreement in which one party gives as consideration a promise that is so insubstantial as to impose no obligation." *Illusory Contract*, *Black's Law Dictionary* (11th ed. 2019). New Jersey courts confirm that a promise is illusory if there is "insufficient consideration to support a counterpromise." *G. Loewus & Co. v. Vischia*, 65 A.2d 604, 606 (N.J. 1949) (internal quotation marks omitted) (quoting 2 Samuel Williston, *The Law Governing Sales of Goods at Common Law and Under the Uniform Sales Act* § 464(a) (rev. ed. 1948)). In contrast, mutual assent is an "[a]greement by both parties to a contract, [usually] in the form of offer and acceptance." *Mutual Assent*, *Black's Law Dictionary*, *supra*. "Mutual assent requires that the parties have an understanding of the terms to which they have agreed." *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 313 (N.J. 2014). Just as parties can assent to a promise that lacks consideration, they can assent to a promise that is illusory. *See Nau v. Chung*, No. A-5315-17T1, 2019 WL 2573281, at *5 (N.J. Super. Ct. App. Div. June 24, 2019) (discussing arguments that the contract was illusory after finding that the parties had assented to the contract).

Claims challenging consideration or alleging fraud in the inducement of the arbitration agreement must be submitted to the arbitrator. *MZM Constr.*, 974 F.3d at 398 n.7, 405–06. Likewise, Carrone's claim that the arbitration agreement was illusory must go to arbitration. Carrone did not argue that the arbitration agreement lacked mutual

6

assent and has waived the opportunity to press that point on appeal. *See Teleglobe Commc'ns*, 493 F.3d at 376.

B

Carrone had another avenue into court. She could have challenged the delegation provision itself. Her argument about illusoriness might have succeeded if it had been directed to the delegation provision. *See Rent-A-Center*, 561 U.S. at 72. But it was not.

Carrone did not challenge the delegation provision. She argued to the District Court that (1) the arbitration agreement's amendment provision rendered the agreement illusory, (2) the arbitration agreement as a whole was illusory, and (3) the arbitration agreement was unconscionable. Indeed, she did not mention the delegation agreement at all in her memorandum in opposition to compel arbitration. Because Carrone "did not make any arguments specific to the delegation provision," the arguments that she did make are for the arbitrator, not the court.[2] *Id.* at 74.

Because Carrone has not put the formation or existence of the delegation provision at issue, she must abide by the arbitration contract she signed.

\*     \*     \*

We will affirm the judgment of the District Court.

---

[2] Because Carrone did not challenge the delegation provision in the District Court, we do not decide whether the alleged illusoriness of UnitedHealth's arbitration agreement could itself render the delegation provision illusory.

7