FRANK JOHNSON AND MARY G. CHAMPION, PLAINTIFFS,
v. GICK & BINGEMANN, INCORPORATED, DEFENDANT.

Decided August 5, 1931.

For the plaintiff, *Robert Peacock.*

For the defendant, *French, Richards & Bradley.*

ELDREDGE, J. The plaintiffs brought suit on January 28th, 1929, for damages growing out of a collision which occurred December 18th, 1927.

Respecting the plaintiff Mary G. Champion, the complaint alleged that "plaintiff has been compelled to expend large sums of money for doctors' bills, medicine and hospital bills, and in the future will be compelled to expend large sums of money for doctors' bills, medicines and hospital bills, as she received a permanent injury."

By reason of the statute of limitations for bringing suit to recover damages arising out of this collision, no suit could have been brought after December 18th, 1929. More than one year after that date, however, the plaintiff Mary G. Champion moves to amend her complaint by alleging that she "lost considerable sums of money in not being able to follow her usual vocation and that in the future she will lose large sums of money because of the fact that she is ill and unable to follow her usual vocation, and she has lost large profits due to the same; that she has suffered and in the future will suffer severe pain and suffering."

To this amendment the defendant now objects, alleging that it sets up a new cause of action and, the statute of limitations having run, the plaintiff is barred from setting up any new or different demand.

The power to amend is defined in sections 23 and 24 of the supplement to the Practice act. *Pamph. L.* 1912, *pp.* 381, 382. These sections provide that the court may, upon terms, permit before or at the trial, the statement of a new or different cause of action in the complaint or counter-claim.

The power of the court to permit these amendments prior to the expiration of the statutory limitations cannot be denied, nor can there be any question that such amendments are permissible even after the expiration of the statutory period if they do not state a new and different cause of action. *Swank* v. *Pennsylvania Railroad Co.,* 94 *N. J. L.* 546.

The question then, in the present matter, is to determine whether the amendments sought add a new or different cause of action, or merely enlarge and amplify the cause already alleged.

To the latter view the court is inclined. The original complaint alleges both the incident, namely, the collision, and personal and permanent injury resulting therefrom, for which damages are sought. The amendments do not state a new cause of action, but merely add two new elements of damage which grow out of the same cause as the original damage claimed. They therefore relate back to the commencement of the action and are not affected by intervening lapse of time.

An order will be made in accordance with the views herein expressed.