95 N.J. Super. 539 (1967)
232 A.2d 154
IRENE H. FUSCO AND CHARLES F. FUSCO, PLAINTIFFS-APPELLANTS,
v.
HALE FURNITURE CO., INC., AND RICKA REALTY COMPANY, DEFENDANTS - RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1967.
Decided June 28, 1967.
*541 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Michael D. Loprete argued the cause for appellants (Messrs. Troast, Mattson & Madden, attorneys).
Mr. Robert D. Curran argued the cause for respondents (Messrs. Vaccaro and Osborne, attorneys).
The opinion of the court was delivered by CARTON, J.A.D.
Plaintiffs Irene H. Fusco and her husband, Charles F. Fusco, suing per quod, instituted an action in the Union County District Court on December 20, 1965 to recover damages for personal injuries sustained by Irene Fusco as a result of a fall on the sidewalk in front of defendants' *542 property. Pursuant to leave granted, plaintiffs appeal from the denial by a Superior Court judge of their motion to transfer the action to the county court.
Plaintiffs' initial complaint in the county district court alleged total damages of $6,000, each plaintiff stating a separate claim for $3,000. N.J.S. 2A:6-34. The injuries described in plaintiffs' initial answers to interrogatories and the special damages which totaled $128 indicated that their total recoverable damages would be well within these limits.
In an affidavit in support of plaintiffs' motion to transfer, their attorney set forth that they were advised in July 1966 by Mrs. Fusco that she was required to be hospitalized for an operation on her spine; that the medical expenses for treating her had increased to $877, and that she had been unable to work since July 6, 1966, at which time she was earning $38 weekly. Allegedly, the operation, additional expenses and subsequent disability all stem from Mrs. Fusco's fall on defendants' property.
The motion to transfer was made in August 1966. At that time plaintiffs were barred by the statute of limitations from instituting a new suit in the County Court or Superior Court since the accident occurred on January 16, 1964.
We conclude that the plaintiffs' motion should have been granted.
The pertinent part of the statute, N.J.S. 2A:6-34, under which plaintiffs' actions were initiated in the county district court reads as follows:
"(b) County district courts shall also have jurisdiction * * * in actions for damages resulting from negligence where the amount in dispute does not exceed $3,000.00, exclusive of costs; * * *."
Since the amount claimed by each plaintiff did not exceed $3,000, the county district court, of course, had jurisdiction of the action under the terms of the statute because the amount in dispute did not exceed the monetary limit prescribed by it. See Reiser v. Simon, 63 N.J. Super. 297, 301 (App. Div. 1960).
*543 Where, as here, it appears that plaintiffs' damages have substantially increased after the institution of the action, so that there exists the reasonable likelihood of a recovery in excess of $3,000, it can no longer truthfully be said that the "amount in dispute" is within the limits prescribed by the statute for the county district court. Upon a proper showing of such circumstances, substantial justice and the spirit of the rules of court dictate that a plaintiff should be entitled to have the dispute, in its enlarged form, resolved by a court having the requisite jurisdiction. R.R. 4:121 provides that "the court shall proceed in any lawful manner not inconsistent with the Constitution, these rules or any applicable statutes."
We hold that the Superior Court has inherent power to order the removal of this district court action under such circumstances.
Specific provision is made in R.R. 7:6-1(a) for the removal of a county district court action to the upper court and consolidation with an action there when there is pending in the Superior Court or County Court another action involving a common question of law or fact and arising out of the same transaction or series of transactions. Likewise, provision is made in R.R. 7:6-1(b) for removal of a county district court action to the Superior Court where defendant has filed a counterclaim seeking damages in excess of the jurisdiction of the district court.
Here, as in a case where a defendant has filed a counterclaim in excess of the limits of the county district court, a supervening occurrence has caused the amount in dispute to exceed the jurisdictional limits of the court where the action was initiated. We perceive no reason why the two situations should be treated differently. Indeed, the existence of the power to authorize the necessary transfer is implicitly assumed in the adoption of R.R. 7:6-1. It has been recognized and confirmed in the established practice of our courts in granting such transfers. In Andriola v. Galloping Hill Shopping Center, Inc., 93 N.J. Super. 196 (App. Div. 1966), *544 we adverted to that long-standing practice and the requirements for the granting of a motion to transfer a county district court action to the upper court.
The present application fulfills the criteria set forth in Andriola. It was supported by an affidavit showing a reasonable likelihood that plaintiffs' recovery would exceed the monetary jurisdiction of the district court. It can hardly be disputed that the motion was timely made inasmuch as it was made shortly after the surgical operation which caused the increase in special damages. Defendants have not shown that they would be inconvenienced in any way as the result of being required to try the case in the upper court rather than in the district court.
That defendants may incur greater expenses in defending the upper court action or that they will be exposed to greater monetary liability thereby, is not sufficient reason to deny plaintiffs the opportunity of recovering a judgment for the full amount of their damages. A defendant has no vested right to have a case initiated in the county district court tried there, nor does a plaintiff, by filing suit in that court, make an irretrievable election to have such action decided there when plaintiff's damages, as here, have increased during the pendency of their action.
In view of our determination that the Superior Court has inherent power to authorize the requested transfer, we express no opinion as to the scope of R.R. 1:27D or as to whether it also confers on the county district court a similar power to transfer.
We also note that although the motion in this case was actually heard and ruled on by a Superior Court judge, the application was made to the County Court rather than to the Superior Court. Cf. R.R. 7:6-1(b). We perceive no basic objection to the County Court's exercising this same power or removal on the same basis as the Superior Court. This is particularly true in view of the fact that all law motions are placed on an integrated calendar under the present rules. In the interest of uniformity, however, it *545 would appear preferable that all such removal motions should be brought in the Superior Court.
Defendants advance the further contention that, even if there exists a power of removal of county district court actions to the upper courts under some circumstances, plaintiffs' motion was properly denied in the present case because the statute of limitations had run and plaintiffs were barred from instituting a new action in the upper courts. We disagree. The purpose of that statute, described as a statute of "repose," is merely to protect the courts "from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." State, by Parsons v. Standard Oil Co., 5 N.J. 281, 295 (1950), affirmed 341 U.S. 428, 71 S.Ct. 88, 95 L.Ed. 1078 (1951). The mere amendment of a complaint after the applicable statute of limitations has run, adding a new element of damages, does not constitute a new cause of action which would be barred by the statute of limitations. Russo v. Wright Aeronautical Corp., 1 N.J. 417 (1949); Johnson v. Gick & Bingemann, Inc., 9 N.J. Misc. 883, 155 A. 802 (Sup. Ct. 1931); cf. Randazzo v. Bacque, 37 N.J. Super. 548 (App. Div. 1955).
The order appealed from is reversed with direction that the case be transferred to the Union County Court, subject, however, to the condition that defendants shall be entitled to 30 days additional time from the date of the mandate of this court within which to obtain any additional discovery that may be required and subject to payment by plaintiffs to the County Clerk of filing fees as required in the case of actions initiated in the County Court.