814 A.2d 648 (2003)
357 N.J. Super. 143
SPLASH OF TILE, INC., Plaintiff-Respondent/Cross-Appellant,
v.
Steven J. MOSS, Defendant-Appellant.
Steven J. Moss, Plaintiff-Appellant,
v.
Splash of Tile, Inc., and Meyer Beyder, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 2002.
Decided January 27, 2003.
*650 Thomas E. Maxim, Bridgewater, argued the cause for appellant.
Andrew R. Turner, South Orange, argued the cause for respondent/cross-appellant in A-5595-00T1 and respondents in A-5775-00T1 (Turner Law Firm, attorneys; Andrew R. Turner, of counsel and on the brief).
Before Judges CONLEY, CARCHMAN and PARRILLO.
*649 The opinion of the court was delivered by CARCHMAN, J.A.D.
In this appeal, we address the issue of whether a counterclaimant in an action in the Special Civil Part, whose counterclaim exceeds the jurisdictional monetary limits of the Special Civil Part, must move to transfer the Special Civil Part action to the Law Division under R. 6:4-1(c) at the time of filing a counterclaim. We disagree with the motion judge's determination that the failure to pursue the transfer at the time of filing of the counterclaim bars the transfer and conclude that subject to the discretion of the Law Division judge, a motion for transfer must be made by a counterclaimant prior to trial and within a reasonable time after the issue is joined. We further conclude that the motion should generally be granted when warranted and where the timing of such motion does not unduly prejudice the rights of the other parties. The judge here erred in denying the motion. We, therefore, reverse the order of February 16, 2001, denying the transfer; vacate the judgment in favor of defendant as well as the orders awarding costs; affirm dismissal of defendant's Law Division action as well as dismissal of defendant's consumer fraud claim; and remand the matter to the Law Division for a new trial on plaintiff's complaint and defendant's counterclaim for breach of contract.
Although the merits of the underlying action were contested, the procedural facts that generated this issue are not in significant dispute. Defendant Steven J. Moss,[1] acting as the general contractor in the construction of his new home, contracted with plaintiff Splash of Tile, Inc. (Splash) to, among other things, install a new ceramic tile floor in his kitchen. Moss was dissatisfied with the work and refused to pay the full balance owed Splash. Splash brought an action in April 2000, in the Special Civil Part for $3,538, representing the balance due on its bill. On May 4, 2000, Moss filed an answer and a single-count counterclaim in the Special Civil Part alleging a violation of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -19, and seeking $10,000 in damages.
The matter was scheduled for an arbitration hearing on September 7, 2000; however, Moss did not appear claiming that he received no notice of that proceeding. A default was entered, but then vacated in October 2000. Attached to Moss' motion to vacate the default was a certification from Moss' attorney, setting forth that Moss had two expert reports to confirm *651 the deficiencies in Splash's work as well as the extent of damages $22,563. The matter was rescheduled for arbitration in the Special Civil Part on March 1, 2001.
On December 27, 2000, Moss moved to transfer the claim from the Special Civil Part to the Law Division. Moss' counsel represents that he agreed to adjourn argument of this motion while Splash substituted new counsel; however, that assertion is not supported by the record. According to the record, Moss agreed to delay the motion to vacate the default rather than the motion to transfer. The motion to transfer was denied. The motion judge, citing R. 6:4-1(c), set forth in his statement of reasons:
Upon review of the evidence, the record shows that the defendant filed its answer and counterclaim on May 4, 2000. However, defendant did not file an affidavit together with the answer and counterclaim stating that the amount of such claim is believed to exceed the Special Civil Part monetary limit.
Therefore, because defendant has failed to satisfy the requirements of R. 6:4-1(c), defendant's motion to transfer is DENIED.

[Emphasis added.]
At the ensuing arbitration, Moss produced two expert reports. The first report, dated July 2000, and authored by Vijay Komar Chopra of Acxet Corporation, stated that "the [kitchen] floor has not been prepared as per the recommendations of the Tile Institute of America or any other industry specification standards, i.e., AIA etc.... The tile installation in general, is not satisfactory and is a major visual defect in the flooring at the captioned structure." The second report from Timothy Jones of TJC Homes, L.L.C., dated September 5, 2000, estimated the cost of repairing the floor to be $22,563. Following the arbitration, Splash filed for a trial de novo. On March 15, 2001, the court fixed the trial date as April 25, 2001, and the notice stated that "NO ADJOURNMENTS WILL BE ENTERTAINED."
Moss then filed an action on March 22, 2001, in the Law Division naming Splash as well as Meyer Beyder, President of Splash, and "alleging essentially the same allegations set forth in [Moss'] Special Civil Part Counterclaim" according to Moss. That representation was also inaccurate as unlike the counterclaim, the complaint contained two counts, the first sounding in breach of contract and the second claiming a violation of the CFA. After being denied an opportunity to file a motion on short notice, Moss filed an untimely motion to consolidate the Special Civil Part and Law Division claims returnable two days after the scheduled Special Civil Part trial. The trial proceeded as scheduled.
At trial, the issue of liability was contested, with both parties producing experts. Following conclusion of the proofs, the judge dismissed Moss' CFA claim, but, relying on R. 4:9-2, he then amended the counterclaim to conform to the evidence, concluding that "there was a defect which needs repair and/or remediation. That's the thrust of the counterclaim. And therefore, I will not dismiss the counterclaim." He entered a judgment finding that Splash was "entitled to no award on its claim" and that Moss was "entitled to the full amount of $22,563 on its counterclaim." Because of the jurisdictional limit of the Special Civil Division, however, Moss was awarded $10,000 plus costs, but was denied interest. On April 27, 2001, Moss' consolidation motion was denied with the order stating, "Case was tried in the Special Civil Part." The judge thereafter, pursuant to R. 4:21A *652 6(c), awarded Moss $750 in attorney's fees and $500 for expert witness costs.
Splash then moved to dismiss Moss' Law Division claim under the Entire Controversy Doctrine. The judge granted the motion, dismissing Moss' claim with prejudice concluding:
The present complaint was filed on March 22, 2001. At the time of the filing of the complaint, it is undisputed that the complaint involved the exact same parties and transactions as the action in the Special Civil Part entitled Splash of Tile, Inc. v. Moss, Docket No. DC-342-00. In fact [Moss] even states that the claims pled in the Law Division are identical to the counterclaims pled in the Special Civil action.
On April 25 and 26, 2001, this court heard testimony and tried the Special Civil action to conclusion, ruling in favor of the counterclaimant. Then on April 27, 2001, this court entered an order denying [Moss]' motion to consolidate the two actions stating that the Special Civil action had already been tried.
Now, [Splash] moves to dismiss [Moss]' complaint under the Entire Controversy Doctrine, and this court agrees. [Moss]' claims have already been heard and tried on the merits in the Special Civil action, and this court found in favor of those claims. Therefore, under the Entire Controversy Doctrine (or res judicata), this court finds that [Splash] is entitled to the relief sought because a final decision on the merits of [Moss]' claims has been made.
Both sides appeal. Moss challenges the judge's decisions to deny his transfer motion and his motion to consolidate as well as the dismissal of his CFA claim.[2] On July 9, 2001, Splash filed a cross-appeal challenging the amendment of the pleadings after Moss' CFA claim was involuntarily dismissed and the entry of judgment in favor of Moss, as well as the order awarding Moss costs and fee.[3]
We address the merits of the dispositive issue on this appeal. R. 6:4-1(b) and (c) allow for the transfer of a Special Civil Part claim to the Law Division where the claim exceeds the monetary limit of the Special Civil Part. These subsections provide in relevant part:
(b) A plaintiff, after commencement of an action in the Special Civil Part, but before the trial date, may apply for removal of the action to the Law Division, on the ground that it appears likely that the recovery will exceed the Special Civil Part monetary limit by (1) filing and serving in the Special Civil Part an affidavit or that of an authorized agent stating that the affiant believes that the amount of the claim, when established by proof, will exceed the sum or value constituting the monetary limit of the Special Civil Part and that it is filed in *653 good faith and not for the purpose of delay; and (2) filing in the Law Division and serving a motion for transfer. The Law Division shall order the transfer if it finds that there is reasonable cause to believe that the amended claim is founded on fact and that it has reasonable chance for success upon the trial thereof.
(c) A defendant filing a counterclaim in excess of the Special Civil Part monetary limit may apply for removal of the action to the Law Division by (1) filing and serving in the Special Civil Part the counterclaim together with an affidavit or that of an authorized agent stating that the affiant believes that the amount of such claim, when established by proof, will exceed the sum or value constituting the monetary limit of the Special Civil Part and that it is filed in good faith and not for the purpose of delay; and (2) filing in the Law Division and serving a motion for transfer. The Law Division shall order the transfer if it finds that there is reasonable cause to believe that the counterclaim is founded on fact and that it has reasonable chance for success upon the trial thereof.

[R. 6:4-1(b)(c) (emphasis added).]
Subsection (c) is at issue here as Moss was a counterclaimant in the Special Civil Part. The question is whether a counterclaimant's right to seek to transfer the claim to the Law Division is limited to an application made at the time of filing the counterclaim.
We note that subsection (b) of the revised rule permits a plaintiff to move for transfer "before the trial date," while the language in subsection (c) suggests, as the motion judge concluded, that when proffered by a defendant, such motion must accompany the filing of the counterclaim. The specific issue of whether an affidavit must be filed "together with" the counterclaim has not been previously addressed; however, prior interpretations of R. 6:4-1(c)'s source rule, R.R. 7:6-1(b), suggest a different result.
Judge Pressler has commented on the application of the current subsections (b) and (c). Pressler, Current N.J. Court Rules, comment 3 on R. 6:4-1 (2002).
The rule is intended to permit a transfer at any time prior to trial and even after the statute of limitations on the original action has run. It accords with the practice as it has developed, it having been clear that the procedure of paragraph (c) of this rule (paragraph (b) as adopted as part of the 1969 revision) was appropriate where it appeared, before trial, that recovery would exceed the jurisdiction of the then county district court. The motion for transfer should be routinely granted if the defendant will not be prejudiced thereby, and it has been held that neither the increased costs of defending an upper court action nor the intervening running of the statute of limitations constitutes such prejudice. Fusco v. Hale Furniture Co., 95 N.J.Super. 539, 232 A.2d 154 (App.Div.1967).

[Pressler, supra, comment 2 on R. 6:4-1.]
In Andriola v. Galloping Hill Shopping Center, Inc., 93 N.J.Super. 196, 203, 225 A.2d 377 (App.Div.1966), we alluded to the timing of such motion and stated:
Limited authority is also conferred on the Superior Court by R.R. 7:6-1(b) to remove an action from the county district court before trial when a defendant files a counterclaim in excess of the jurisdiction of the county district court. Even in such case, the action may not be removed except upon defendant's motion, supported by affidavit that the amount of the claim when established by proof will be greater than the monetary *654 jurisdiction of the county district court, and a finding of the Superior Court that there is reasonable cause to believe that the party asserting the counterclaim has a reasonable chance of recovery.

[Id.]
In Fusco v. Hale Furniture Co., 95 N.J.Super. 539, 543-44, 232 A.2d 154 (App.Div.1967), also interpreting R.R. 7:6-1(b), we allowed injured plaintiffs, who sought to remove their extant Special Civil Part[4] claim to the Law Division after additional surgery caused their damages to exceed the court's monetary limit, to transfer their claim to the Law Division as no trial had been held. Id. Although Fusco addressed a transfer by plaintiffs and not a defendant-counterclaimant, we perceive no difference between the two circumstances even though R.R. 7:6-1(b) only addressed counterclaims. Id. at 543, 232 A.2d 154. We recognized, in Fusco that a supervening event caused the damages involved to increase-the necessity of additional medical care. While here Moss' damages did not increase, the quantification by an expert provided the good faith basis for a transfer, an implicit prerequisite to any application under the rule. Ultimately, any determination of the bona fides of a transfer application must rest not only on a reasonable likelihood of recovery in excess of the jurisdictional amount, but "[u]pon a proper showing of such circumstances, substantial justice and the spirit of the rules of court dictate that a [party] should be entitled to have the dispute, in its enlarged form, resolved by a court having the requisite jurisdiction." Id. at 543, 232 A.2d 154. Finally, as we suggested in Fusco, we consider, in parity, both the right of plaintiff, confronted with intervening circumstances to pursue a post-complaint transfer and a defendant filing a counterclaim to have the matter transferred to the Law Division where the appropriate showing of good faith and absence of purpose of delay is demonstrated. We perceive of no reason why a defendant's opportunity to transfer premised on good faith and supervening damage information should be precluded when a plaintiff's right to transfer is not so limited.
We express a cautionary note. The decision to transfer, while routinely granted, is still within the discretion of the Law Division motion judge. Certainly circumstances may arise where a defendant uses such transfer not in the interests of achieving "substantial justice" but as a basis for preventing or delaying resolution of the dispute. That is stated in the rule but warrants emphasis. Applications made on the eve of trial, after discovery or motions, that are designed to delay, are always subject to the scrutiny of the motion judge and ultimately, to the exercise of discretion in determining the application to transfer. We alluded to such circumstances in Ritepoint Co. v. Felt, 6 N.J.Super. 219, 222, 70 A.2d 886 (App.Div.1950), when we said:
Under Rule 7:6-1(b) where a counterclaim in excess of the District Court's jurisdiction is filed, application may be made for transfer of the entire proceeding to the Superior Court; it seems to us that, in the absence of evidence indicating that the counterclaim has been interposed for the purpose of thwarting a just and expeditious disposition of the plaintiff's claim, such application tending to avoid piecemeal adjudication should be liberally entertained by the Superior Court.

[Id.] *655 The view that we expressed over a half-century ago still remains valid today.
We likewise recognize that the parties come to the litigation with different information. A plaintiff filing in the Special Civil Part has made a determination that the damages will not exceed the jurisdictional limit of the court. A defendant filing a counterclaim should presumably know at the time of filing that its damages will exceed such jurisdictional limits. Yet in the first instance, the rule allows a transfer for plaintiff when additional damage claims arise that may exceed such limits. The same rule and timing should apply for a defendant whose counterclaim was premised on a limitation of its damages and who now determines, in good faith, that its damages exceed the jurisdiction.
Applying these principles here, we conclude that defendant's counterclaim was made in good faith. He exposed his damage claims both at the motion to vacate the default and again on the motion to transfer. He moved for the transfer four months before the rescheduled arbitration and well before any trial was scheduled. While we do not fully understand why Moss had not quantified his damage claim by the time he filed his counterclaim, we cannot say that the failure to move for transfer before December 2000, was designed to delay or to "thwart a just and expeditious disposition of plaintiff's claim."
We conclude that both R. 6:4-1(b) and (c) must be read in parallel. Absent motives inconsistent with the purpose of the rule, either party may move within a reasonable time before trial for transfer to the Law Division.
Defendant urges that because the case was tried to completion with a finding that defendant was entitled to $22,563, we should exercise original jurisdiction and enter a judgment in that amount. We decline to do so.
We first observe that defendant's counterclaim contained one count alleging a violation of the CFA. Although counsel represents that this was simply a "typographical error," such excuse rings hollow. The judge correctly determined that defendant had failed to establish a claim under the CFA, and we affirm substantially for the reasons set forth by the judge in dismissing that claim. R. 2:11-3(e)(1)(E). We do note as well that there was no regulatory violation by Splash for not providing a "detailed written agreement" under N.J.A.C. 13:45A-16, as this regulation only applies to a "home improvement," which "does not include the construction of a new residence," N.J.A.C. 13:45A-16.1, the factual circumstance presented here.
Despite defendant's single claim for relief under the CFA, the judge dismissed that claim and then, pursuant to R. 4:9-2, amended the counterclaim to enter a judgment on breach of contract. Given the tortured procedural history of this litigation, we cannot determine if the inadequacies of defendant's pleadings impacted on plaintiff's defense of the counterclaim. Plaintiff's counsel suggests it did, and we accept that representation. The appropriate remedy to serve the interests of justice is to permit the transfer and order a new trial as to all extant issues including plaintiff's claim on its complaint and defendant's claim for breach of contract. We do not reinstate the CFA claim, and our decision negates the viability of the orders addressing fees and costs. Our ruling also makes it unnecessary to consider any of the additional issues raised on the appeal or cross-appeal, including the dismissal of the Law Division action or the alleged trial errors.
Accordingly, we reverse the orders denying the transfer to the Law Division, the *656 judgment in favor of defendant and awarding fees and costs pursuant to R. 4:21A-6(c). We remand to the Law Division for a new trial on plaintiff's complaint and defendant's counterclaim for breach of contract.
NOTES
[1] These are consolidated appeals. For ease of reference, we shall refer to Moss as defendant and Splash of Tile, Inc. as plaintiff. See fn. 2, infra at 652.
[2] Moss actually filed two appeals; one from the Law Division dismissal of his complaint and the second for the alleged errors in the Special Civil Part. We granted his motion to consolidate his two appeals, A-5595-00T1 with A-5775-00T5, by order of October 1, 2001.
[3] Moss filed a motion with this court to dismiss Splash's cross-appeal or in the alternative to compel Splash to file and serve the trial transcript on October 11, 2001. On November 8, 2001, we denied Moss' motion to dismiss the cross-appeal and ordered Splash to file the transcript of the trial, reserving decision on whether costs and fees should be awarded in connection with the case. We conclude that both the appeal and cross-appeal require us to examine the entire transcript, and accordingly, the parties shall share equally the costs of the transcripts of proceedings in the Special Civil Part. Any transcript costs associated with the appeal from dismissal of the Law Division action shall be borne by Moss.
[4] The Special Civil Part was previously designated as the County District Court. See Pressler, supra, comment 2 on R. 6:4-1.