939 A.2d 837 (2008)
398 N.J. Super. 133
CZAR, INC., Plaintiff-Respondent,
v.
Jo Anne HEATH and Thomas J. Heath, Sr., Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Submitted December 12, 2007.
Decided February 6, 2008.
*838 Law Offices of James C. DeZao, P.A., Parsippany, attorney for appellants (Mr. DeZao, on the brief).
Respondent did not file a brief.
Before Judges PARKER, R.B. COLEMAN and LYONS.
The opinion of the court was delivered by
LYONS, J.A.D.
We granted leave to defendants Jo Anne Heath and Thomas J. Heath, Sr. to appeal from a March 22, 2007, order dismissing the fourth count of defendants' counterclaim, which asserted a violation of the New Jersey Consumer Fraud Act (the Act), N.J.S.A. 56:8-1 to -20, by plaintiff Czar, Inc. At issue is whether defendants' claim against plaintiff for violations of the Act is legally viable. Because we find, in these circumstances, that plaintiff is a "seller" of a "home improvement" as defined in N.J.A.C. 13:45A-16.1A, we reverse and remand the matter for trial. The pertinent facts and procedural history are as follows.
Sometime prior to 2005, defendants engaged a general contractor to construct a new home for them. They contracted directly, however, with plaintiff for the installation of custom kitchen cabinets, interior doors, a front door, and certain moldings. Plaintiff was not the general contractor, nor a subcontractor, and its name does not appear on the building permit for the new home. Eventually, a dispute between plaintiff and defendants arose over payment and timing of work. In June 2005, plaintiff filed a complaint in the Law Division, Essex County, for moneys owed to it. In July 2005, defendants filed a complaint in the Law Division, Morris County, seeking damages and alleging a violation of the Act. On September 16, 2005, a consent order was entered which consolidated both matters in the Law Division, Essex County.
On March 21, 2007, on the morning of trial, the judge entertained in limine motions, one of which is at issue here. Plaintiff argued that the Act was inapplicable to plaintiff in this case and sought dismissal of count four of defendants' counterclaim alleging a violation of the Act.
The judge heard argument and took testimony. The trial judge found that the new home was a "new residence" within the meaning of N.J.A.C. 13:45A-16.1A, and that plaintiff and defendants had entered into a contract and, therefore, were in direct privity with one another. The trial judge found that the parties' contract was for plaintiff to install custom kitchen cabinets, chair rails, doors, and certain molding.
After making the findings set forth above, the trial judge concluded that plaintiff was "intimately involved with the construction of the new residence, at least as to the kitchen," although the judge found that the only construction plaintiff undertook in the home was with respect to the installation of kitchen cabinets, certain doors, and chair rails. The judge made it *839 clear that plaintiff was not involved in any plumbing, electrical work, or any structural work on the new residence.
The trial judge, though, concluded that the home improvement practice regulations found in N.J.A.C. 13:45A-16.1 to 16.2 were not applicable to plaintiff and, therefore, dismissed the fourth count of defendants' counterclaim. We granted leave to appeal from the trial judge's March 22, 2007, interlocutory order.
We begin by reviewing certain applicable legal principles. As we often recognize, a trial judge's factual findings in a non-jury matter "are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484, 323 A.2d 495 (1974). Therefore, we do not disturb the factual findings of a trial judge unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interest of justice. . . ." Ibid. (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J.Super. 154, 155, 188 A.2d 43 (App.Div), certif. denied, 40 N.J. 221, 191 A.2d 61 (1963)). However, a trial judge's legal interpretations are not entitled to the same level of deference. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995). We undertake an independent "interpretation of the law and the legal consequences that flow from established facts. . . ." Ibid.
"Throughout its history, the Act has protected consumers from deception and fraud, even when committed in good faith." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 604, 691 A.2d 350 (1997). "[I]n 1975, the Legislature further amended the Act to include unlawful practices in the sale or advertisement of real estate." Ibid.
N.J.S.A. 56:8-2 contains the operative language:
The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. . . .
The Supreme Court has outlined the Act's provisions saying:
An offense arises under the Act from an affirmative act, an omission, or a violation of an administrative regulation. Strawn v. Canuso, 140 N.J. 43, 60, 657 A.2d 420 (1995); Cox v. Sears Roebuck & Co., 138 N.J. 2, 19, 647 A.2d 454 (1994). One who makes an affirmative misrepresentation is liable even in the absence of knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive.
[Gennari, supra, 148 N.J. at 605, 691 A.2d 350.]
The Department of Law and Public Safety has adopted administrative regulations to ensure compliance with the Act. Messeka Sheet Metal v. Hodder, 368 N.J.Super. 116, 121, 845 A.2d 646 (App. Div.2004). One section of these regulations, quoted in pertinent part below, "is devoted to home improvement practices." N.J.A.C. 13:45A-16.1 to 16.2. The regulations define "home improvement" as:

"Home improvement" means the remodeling, altering, painting, repairing, renovating, restoring, moving, demolishing, or modernizing of residential or *840 noncommercial property or the making of additions thereto, and includes, but is not limited to, the construction, installation, replacement, improvement, or repair of driveways, sidewalks, swimming pools, terraces, patios, landscaping, fences, porches, windows, doors, cabinets, kitchens, bathrooms, garages, basements and basement waterproofing, fire protection devices, security protection devices, central heating and air conditioning equipment, water softeners, heaters, and purifiers, solar heating or water systems, insulation installation, siding, wall-to-wall carpeting or attached or inlaid floor coverings, and other changes, repairs, or improvements made in or on, attached to or forming a part of the residential or noncommercial property, but does not include the construction of a new residence. The term extends to the conversion of existing commercial structures into residential or noncommercial property and includes any of the above activities performed under emergency conditions.
[N.J.A.C. 13:45A-16A (emphasis added).]
The trial judge found that plaintiff's work for defendants was not a "home improvement" within the meaning of the regulation because the construction and installation of the doors, cabinets, and moldings were part of the construction of a new residence and, therefore, excluded from the definition of "home improvement." Consequently, the trial judge found plaintiff's actions were not unlawful practices as defined by N.J.A.C. 13:45A-16.2 and dismissed defendants' counterclaim asserting violations of the Act.
We disagree with the trial judge's interpretation of "home improvement" under N.J.A.C. 13:45A-16.1A in these factual circumstances.
As we said in Medford Convalescent v. Div. of Med. Assistance, 218 N.J.Super. 1, 5, 526 A.2d 1087 (App.Div. 1985),
Regulations are subject to the same rules of construction as a statute. See Essex County Welfare v. Klein, 149 N.J.Super. 241, 247, 373 A.2d 691 (App. Div.1977). The regulation should be construed in accordance with the plain meaning of its language, see Serv. Armament Co. v. Hyland, 70 N.J. 550, 556, 362 A.2d 13 (1976), and in a manner that makes sense when read in the context of the entire regulation. See Houman v. Mayor & Council of Pompton Lakes, 155 N.J.Super. 129, 169, 382 A.2d 413 (Law Div.1977).
While the language of the regulation provides that home improvement "does not include the construction of a new residence," plaintiff did not and was not hired to construct a new residence. N.J.A.C. 13:45A-16.1A. In this case, plaintiff was not the general contractor hired to construct a new residence, did not install or build any structural improvements in the home, but rather contracted directly with defendants for the installation of custom kitchen cabinets, a front door, interior doors, and certain moldings.
If plaintiff's interpretation were adopted, an owner of a new residence under construction, who contracts directly with a retail carpeting seller for all-wool carpeting and who later determines that the retail carpeting seller provided nylon instead, would have no remedy under the Act simply because the carpeting was placed in a newly constructed home. That does not comport with a plain reading of the regulation or with the intent of the Act.
Moreover, we note that this regulation must be read in pari materia with "The New Home Warranty and Builders' *841 Registration Act" (the New Home Act), N.J.S.A. 46:3B-1 to -20. "Statutes and regulations in pari materia are to be construed together when helpful in resolving doubts or uncertainties in the ascertainment of legislative intent." Brewer v. Porch, 53 N.J. 167, 174, 249 A.2d 388 (1969). Moreover, "regulations within the same regulatory scheme should, where feasible, be read as consistent with each other." Van Orman v. Am. Ins. Co., 608 F.Supp. 13 (D.N.J.1984). The regulations issued under the New Home Act require a new home builder to register with the Department of Community Affairs. N.J.A.C. 5:25-2.1(a). A "new home builder" is defined to mean "any individual, corporation, partnership or other business organization engaged in the construction of new homes."[1]N.J.A.C. 5:25-1.3. The home improvement practices regulations exempt from registration as a home improvement "seller" new home builders registered under the New Home Act. N.J.A.C. 13:45A-17.4(a)(1). Consequently, reading the two statutes and the accompanying regulations in pari materia results in a harmonious and effective remedy for homeowners. If a home improvement "seller" violates the Act, there is a remedy available under the home improvement practices regulations, as well as the Act. If, however, a builder who is constructing a new residence commits an act which would be an unlawful home improvement practice under N.J.A.C. 13:45A-16.2, the remedy is not set forth in that regulation, but in the New Home Act and its regulations. However, N.J.S.A. 46:3B-9 provides that nothing contained in the New Home Act shall affect other rights or remedies available to an owner.
In addition, we note that, while a new home builder's acts may not be within the definition of "home improvement" and, therefore, not within the unlawful practices set forth in the home improvement practices regulations, N.J.A.C. 13:45A-16.2, a builder of a new home may still be subject to the Act. Our courts have held that the Act is applicable to the sale of newly constructed homes. Gennari, supra, 148 N.J. at 613, 691 A.2d 350; DiIorio v. Structural Stone & Brick, 368 N.J.Super. 134, 143, 845 A.2d 658 (App.Div.2004); New Mea Constr. Corp. v. Harper, 203 N.J.Super. 486, 501, 497 A.2d 534 (App.Div.1985).
Therefore, even if we were to conclude that plaintiff was a new home builder and excluded from the definition of home improvement in N.J.A.C. 13:45A-16.1A, and consequently did not fall within the unlawful practices set forth in N.J.A.C. 13:45A-16.2, that would not exempt the builder of a new home from being subject to the provisions of the Act. It would only exempt it from falling within the definition of unlawful practices in N.J.A.C. 13:45A-16.2. That regulation specifically points out that it does not limit "any other practices which may be unlawful" under the Act. N.J.A.C. 13:45A-16.2(a).
We note that the trial judge and plaintiff's counsel relied on two cases to support the dismissal of the counterclaim for violations of the Act against plaintiff, Messeka Sheet Metal Co. v. Hodder, 368 N.J.Super. 116, 845 A.2d 646 (App.Div.2004), and Splash of Tile, Inc. v. Moss, 357 N.J.Super. 143, 814 A.2d 648 (App.Div.), certif. den., 176 N.J. 430, 824 A.2d 159 (2003). Those cases are distinguishable from the facts here. In Splash of Tile, the court affirmed a finding that defendant failed to establish a claim under the Act on the *842 merits. The court, in dictum, said that the home improvement in that case, a new ceramic tile floor in a kitchen, was not covered by the home improvement practices regulations because the regulation did not include "the construction of a new residence," the factual circumstances present in that case. Splash of Tile, supra, 357 N.J.Super. at 154, 814 A.2d 648. To the extent Splash of Tile is read to hold that any "home improvement" done on new construction is exempt from the Act, we respectfully disagree. Moreover, as the statement was not necessary to the decision made, it is dictum, and while "entitled to due consideration[, it] does not invoke the principle of stare decisis." Jamouneau v. Div. of Tax Appeals, 2 N.J. 325, 332, 66 A.2d 534 (1949).
In the Messeka case, our court made it clear that it was not resting its decision on the "new residence" exception to the home improvement definition in N.J.A.C. 13:45A-16.1A, but rather that it was "persuaded that this case falls beyond the purpose of the regulations because the owner hired his own general contractor and architect to run the job," and this was a direct claim by the owner against a subcontractor, with whom the owner was not in privity. Messeka, supra, 368 N.J.Super. at 125, 845 A.2d 646. In this case, while defendants had a general contractor, plaintiff was not a subcontractor. Rather, plaintiff directly contracted with defendants in this case and the danger which concerned us in Messeka, that the regulatory requirements under the Act would have to apply to each individual subcontractor and would be inefficient and duplicative, is not present here.
Accordingly, we hold that under the factual construct in this case, where the owner dealt directly with a custom cabinet maker, and contracted directly for the installation and construction of cabinets, doors, and certain woodwork, and where the contractor did not construct the new home, the contractor's services fall within the definition of "home improvement" contained within N.J.A.C. 13:45A-16.1A. We, therefore, reverse and remand for trial.
Reversed and remanded.
NOTES
[1] We note that the record does not reveal whether plaintiff was registered as a new home builder pursuant to the New Home Act.