**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3572-15T1

DESIGN MANAGEMENT SERVICES,
INC.,

    Plaintiff-Respondent,

v.

BROAD-ATLANTIC ASSOCIATES,
LLC,

    Defendant-Appellant.

_____

        Argued April 5, 2017 — Decided October 10, 2017

        Before Judges Fuentes, Simonelli and Gooden
        Brown.

        On appeal from the Superior Court of New
        Jersey, Law Division, Essex County, Docket No.
        DC-8050-15.

        Brian P. Matthews argued the cause for
        appellant (Reed Smith, LLP, attorneys; Mr.
        Matthews, of counsel and on the briefs).

        Fredda Katcoff argued the cause for respondent
        (Rabner Baumgart Ben-Asher & Nirenberg, PC,
        attorneys; Ms. Katcoff, on the brief).

    The opinion of the court was delivered by

GOODEN BROWN, J.A.D.

This is a book-account collection case arising out of a contract dispute between plaintiff, Design Management Services, Inc., and defendant, Broad-Atlantic Associates, LLC. Plaintiff is a provider of "Leadership in Energy and Environmental Design" or LEED consulting services. Defendant is an owner of commercial real estate. Defendant contracted with plaintiff for LEED consulting services in connection with defendant's renovation of office space in its property located on Broad Street in Newark.

On May 27, 2015, plaintiff filed a complaint against defendant in the Law Division, Special Civil Part, alleging non-payment of three invoices and seeking $8500 in compensatory damages due under the parties' February 12, 2014 contract, as modified by a subsequent agreement entered on September 17, 2014. On August 24, 2015, defendant filed a contesting answer, affirmative defenses and counterclaims for damages in excess of $20,000. In its counterclaims, defendant alleged, among other things, that plaintiff breached the agreement by failing to perform its services "in a timely, proper, complete and professional manner in accordance with the terms of the agreement." Following a bench trial, the trial court dismissed defendant's counterclaims and awarded judgment to plaintiff in the amount of $8500 plus $1500 for travel expenses and $3500 for attorney's fees. A memorializing order was entered on March 4, 2016.

Defendant appeals from the March 4, 2016 order, asserting that the court committed various procedural errors that impeded its ability to effectively litigate the matter and pursue its counterclaims. Specifically, defendant asserts the court abused its discretion by: (1) failing to transfer the case to the Law Division since its counterclaims exceeded the jurisdictional limit of the Special Civil Part; (2) accepting plaintiff's belated answer to its counterclaims after the start of trial; (3) failing to dismiss plaintiff's complaint based on plaintiff's failure to provide discovery; and (4) failing to adjourn the trial in the interest of justice. According to defendant, either individually or cumulatively, these errors "essentially deprived [defendant] of its due process right to be heard 'at a meaningful time and in a meaningful manner.'" Having reviewed the parties' arguments in light of the record and applicable legal principles, we affirm.

Following the filing of the complaint and answer, trial was scheduled for November 30, 2015. In the interim, on October 29, 2015, then-counsel for defendant served plaintiff with interrogatories consisting of twenty-six questions and numerous subparts. On November 3, 2015, plaintiff's counsel returned the interrogatories unanswered, explaining they were "nonconforming

in the Special Civil Part" under Rule 6:4-3(a) and Rule 6:4-3(f).[1]

In response, on November 18, 2015, defense counsel served plaintiff with a revised demand for production of documents and a notice to produce Michelle Cottrell, plaintiff's President and signatory to the contract, for deposition.

Approximately one week prior to the November 30, 2015 trial date, defense counsel's colleague and fellow in-house attorney wrote to the court requesting an adjournment of the trial date because defense counsel was hospitalized for chemotherapy treatment. Plaintiff's counsel had previously declined defendant's request to consent to an adjournment. When the parties appeared on November 30, 2015, the court considered defendant's stand-in counsel's request for a "brief adjournment so that someone could get up to speed" on the case. Plaintiff's counsel explained that he did not consent to the adjournment request because plaintiff's representatives, who were present in court, had already made plans to travel from Florida to New Jersey for the trial. Plaintiff's counsel explained further that he expected one

---

[1] Rule 6:4-3(f) limits each party's discovery in Special Civil Part to "interrogatories consisting of no more than five questions without parts." Such interrogatories shall be served and answered within thirty days. See R. 6:4-3(a). "Additional interrogatories may be served and enlargements of time to answer may be granted only by court order on timely notice of motion for good cause shown." R. 6:4-3(f).

of defendant's other in-house attorneys to appear on defendant's behalf. After considering the parties' contentions, the court granted defendant's request to adjourn the trial, provided defendant reimbursed plaintiff $1500 for travel expenses. The court scheduled a peremptory trial date of January 11, 2016, and defendant's stand-in counsel confirmed that "[s]omeone [would] be available[.]"

Despite these assurances, on December 7, 2015, defense counsel wrote to plaintiff's counsel requesting consent to adjourn the trial until January 26, 2016, because of his ongoing "medical treatment[.]" Defense counsel also requested plaintiff's counsel's consent to transfer the case to the Law Division, "given the complexities and dollar amounts of the counterclaims." In addition, defense counsel requested plaintiff's counsel's response to his revised demand for production of documents and confirmation that Cottrell would submit to a deposition. About one week later, on December 15, 2015, defense counsel wrote to the court requesting an adjournment of the trial to January 27, 28, or 29, 2016, because of his ongoing chemotherapy treatment. Defense counsel advised the court that he was "defendant's only trial counsel[,]" and indicated that stand-in counsel was unaware of his treatment schedule when she appeared on the adjourned trial date. The

December 15, 2015 letter to the court did not mention outstanding discovery or a potential transfer motion.

Thereafter, on December 29, 2015, defense counsel sent plaintiff's counsel an e-mail stating that plaintiff had failed to respond to his revised notice to produce, failed to provide the name of plaintiff's representative who appeared in court with Cottrell on November 30, 2015, and refused to consent to an adjournment of the trial date. Defense counsel advised further that "[a]n order to show cause [would] be filed to address all of the discovery issues, the travel fee 'award' as well as defendant's request for the transfer of this matter to the Law Division." On January 6, 2016, in another attempt to adjourn the trial, another in-house attorney wrote to the court reiterating that defense counsel was the company's "only trial attorney" and would be unavailable for trial on January 11, 2016, because he was still undergoing treatment for lymphoma. On January 8, 2016, three days before the peremptory trial date, the law firm, Reed Smith LLP, filed a Notice of Appearance as co-counsel of record for defendant, and represented defendant in all subsequent proceedings. Failing to settle the matter through mandatory mediation on January 11, 2016, the parties appeared for trial the following day.

At the start of trial on January 12, 2016, the court considered several oral applications by defendant. First,

defendant sought leave to file a motion in the Law Division to transfer the case since its counterclaims exceeded the jurisdictional limit of the Special Civil Part. Defense counsel conceded that the motion was "extremely late" but explained, "Reed Smith was just brought into th[e] case" and "was unable to prepare a motion to transfer" by the scheduled trial date. When questioned by the court about the lateness of the application, defense counsel responded,

> It is my understanding that prior counsel is extremely sick and that is part of the reason why . . . . [P]rior counsel did attempt to file an order to show cause which included the relief of transferring the motion . . . . [F]rom my records it was delivered to the clerk in the [L]aw [D]ivision but it was never entered on the docket. We found this out yesterday. I have a copy of that motion and a receipt from [New Jersey] Lawyer Service that it was received by the clerk. I don't know why it wasn't entered, but it was . . . not entered.

The court denied defendant's motion to transfer the case.

Next, defendant contended that, notwithstanding the fact that prior counsel took no action to obtain a default judgment, plaintiff neither filed nor served an answer to defendant's counterclaims. Plaintiff disputed defendant's assertion. When questioned by the court, plaintiff's counsel stated,

> [I]t was answered. . . . I have a copy here . . . . I know early on when we filed this complaint, back in May, there was a lot of

back and forth with service, not service. I got like a dozen or so little coupons, you know, your complaint is going to be dismissed because they haven't been served, but they were served, I even have the answer. . . . I have a copy here. It was a standard answer to a counterclaim, basically tying to everything, holding them to their proofs.

The court allowed "the answer to the counterclaim to be deemed filed." The answer was dated September 25, 2015, which was within thirty-five days of defendant's August 24, 2015 answer.

Next, the court considered defendant's application to dismiss the complaint as a sanction for outstanding discovery or, in the alternative, grant a short adjournment. Defendant acknowledged the motion was untimely, but argued:

[Plaintiff's counsel] was served with discovery back in October in the form of interrogatories and document requests. It was never responded to. In fact, counsel wrote a letter to prior counsel for defendant and stated that he would not answer discovery.

To the extent that counsel wants to present any evidence today that I have [not] seen that was reasonably calculated to be heard by this discovery request[,] I don't understand how that can be admitted into evidence. We would have no objection to the invoices and the contracts which were attached to the complaint being admitted into evidence, but . . . any other documentation . . . has not been received by my client in discovery.

Plaintiff's counsel objected to defendant's application, asserting that the discovery requests were "exorbitant for the

[L]aw [D]ivision never mind a small claims court matter" and nothing more than an attempt "to create an undue hardship on [plaintiff.]" The court rejected defendant's application, but indicated that to avoid any prejudice to defendant, it would entertain defense counsel's objection to any documents "offered into evidence" that defendant had not "received . . . in discovery." The court also denied defendant's alternative request for an adjournment of the trial, explaining that the issues should have been raised when the parties appeared on November 30, 2015, "not now."

After deciding defendant's motions, a bench trial commenced, at the conclusion of which the court found in favor of plaintiff. The court determined that "defendant failed to pay as required under the terms of the contract[,]" and "therefore the plaintiff was relieved of any further performance[.]" The court also dismissed the counterclaims, finding "no breach by the plaintiff" and "no damages to the defendant[.]" In its oral decision, the court noted:

> One of the issues that was presented at the outset was the failure of the plaintiff to provide discovery to the defendant. And a motion was made at the beginning of the case on that issue either to dismiss the plaintiff's case or to adjourn the case to allow for discovery or such other remedy such as not allowing the evidence to be admissible during the course of trial. And what I said

at that time was that the motion needed to be made at some time prior to the time of trial.

Having listened to the testimony and seen the evidence, I find that the lack of discovery would not affect the outcome of the case . . . . [T]here were no documents that were admitted into evidence that were not provided to the defendant or were not in the defendant's possession.

The court entered judgment for plaintiff in the amount of $8500 "subject to revision to include counsel fees" and $1500 "for the agreed upon travel expenses[.]"  An Amended Order of Judgment After Trial was entered on March 4, 2016, incorporating $3500 for counsel fees.  This appeal followed.

Defendant's appeal is limited to challenging the court's case management orders.  We review these decisions deferentially, subject to an abuse of discretion standard.  See State in Interest of A.B., 219 N.J. 542, 554 (2014) (reviewing discovery orders under an abuse of discretion standard); State v. Miller, 216 N.J. 40, 65 (2013), cert. denied, ____ U.S. ____ , 134 S. Ct. 1329, 188 L. Ed. 2d 339 (2014) (noting that adjournment requests "implicate[] a trial court's authority to control its own calendar and is reviewed under a deferential standard").  Abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Flagg v. Essex Cty. Prosecutor, 171 N.J.

561, 571 (2002) (quoting <u>Achacoso-Sanchez v. Immigration & Naturalization Serv.</u>, 779 <u>F.</u> 2d 1260, 1265 (7th Cir. 1985)). Here, we discern no abuse of discretion in the court's decisions.

The court rule pertaining to a transfer motion provides:

> A defendant filing a counterclaim in excess of the Special Civil Part monetary limit may apply for removal of the action to the Law Division by (1) filing and serving in the Special Civil Part the counterclaim together with an affidavit or that of an authorized agent stating that the affiant believes that the amount of such claim, when established by proof, will exceed the sum or value constituting the monetary limit of the Special Civil Part and that it is filed in good faith and not for the purpose of delay; and (2) filing in the Law Division and serving a motion for transfer. The Law Division shall order the transfer if it finds that there is reasonable cause to believe that the counterclaim is founded on fact and that it has reasonable chance for success upon the trial thereof.
>
> [<u>R.</u> 6:4-1(c).]

While the decision to transfer is routinely granted, we have cautioned that "[a]pplications made on the eve of trial . . . that are designed to delay, are always subject to the scrutiny of the motion judge and ultimately, to the exercise of discretion in determining the application to transfer." <u>Splash of Tile v. Moss</u>, 357 <u>N.J. Super.</u> 143, 152 (App. Div.), <u>certif. denied</u>, 176 <u>N.J.</u> 430 (2003).

Here, defendant's transfer motion was procedurally defective and untimely. Further, an Order to Show Cause, even if filed as represented by defense counsel, is not the appropriate vehicle for a transfer motion. Therefore, the court properly denied the application. In any event, defendant was not prejudiced by the court's denial because the court considered defendant's counterclaims substantively, but deemed waived any damages that exceeded the jurisdictional limit of the Special Civil Part as permitted under Rule 6:1-2(c). Moreover, the court's finding of no cause for action on the counterclaims obviated one of the prerequisites for the Law Division to grant such a motion.

Defendant also argues that the court erred in accepting plaintiff's untimely answer to its counterclaims after the start of trial without evidence that it was filed or served upon defendant. A responsive pleading to a Special Civil Part action must be filed within thirty-five days of completion of service. R. 6:3-1. However, Rule 1:1-2(a) provides for the relaxation of any rule "if adherence to it would result in an injustice." Here, we discern no abuse of discretion in the court's decision to allow plaintiff to file its answer to the counterclaims out of time. Moreover, given defendant's failure to move earlier for the entry of a default judgment, defendant was not prejudiced thereby. See R. 6:6-2; R. 6:6-3.

Next, defendant maintains plaintiff's "deliberate refusal to respond to discovery greatly prejudiced [its] ability to pursue its counterclaim and defend against [plaintiff's] allegations." Defendant contends plaintiff's failure to respond to discovery should have resulted in the dismissal of plaintiff's complaint, R. 4:23-5(a)(1) and R. 6:4-6, the imposition of sanctions, R. 6:4-6, or an adjournment of the trial date. See R. 6:4-7(b). We disagree.

Under Rule 6:4-4, "[n]o depositions are permitted in Special Civil Part actions except by order of the court, granted for good cause shown and on such terms as the court directs, on motion with notice to the other parties in the actions." Under Rule 6:4-5, absent an order granting a motion to extend the time, discovery "shall be completed as to each defendant within [ninety] days of the date of service of that defendant's answer . . . ." Defendant made no motion to depose Cottrell and made no motion to compel or extend the time for discovery within ninety days of the filing of its August 24, 2015 answer. Therefore, defendant's request for discovery was out of time.

Further, as the court noted, defendant suffered no prejudice because all documents admitted into evidence were either provided to defendant or already in defendant's possession. Dismissal of a complaint with prejudice is only appropriate "in those cases in

13

which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious" and "when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party . . . ." Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 514 (1995) (quoting Lang v. Morgan's Home Equip. Corp., 6 N.J. 333, 339 (1951) and Zaccardi v. Becker, 88 N.J. 245, 253 (1982)). "If a lesser sanction than dismissal suffices to erase the prejudice to the non-delinquent party, dismissal of the complaint is not appropriate and constitutes an abuse of discretion." Georgis v. Scarpa, 226 N.J. Super. 244, 251 (App. Div. 1988).

Finally, we discern no abuse of discretion in the court's denial of defendant's request for another adjournment. Given the severity of its first attorney's illness, defendant should have proactively arranged for alternate counsel well in advance of the January 11, 2016 peremptory trial date.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3572-15T1